7-16

FIR

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ILEEN LABOY,

Index No. 03049-06
Date purchased: 11|16|06
Plaintiff designates
Bronx

Plaintiff(s),

County as the place of trial.
The basis of the venue is
Plaintiff's residence

-against-

PATHMARK STORES, INC.,

**SUMMONS**

Defendant(s).

Plaintiff reside in Bronx

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO THE ABOVE-NAMED DEFENDANT(S):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: October 18, 2006

LEVINE & GROSSMAN

By _____
FRANK TORRES
Attorneys for Plaintiff(s)
114 Old Country Road
Mineola, New York 11501
(516) 248-7575

# 66

Defendants' addresses:
Pathmark Stores, Inc.
961 East 174th Street
Bronx NY 10467

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ILEEN LABOY,

                        Plaintiff,

        - against -

PATHMARK STORES, INC.,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VERIFIED
COMPLAINT

Index No. 23848-06
            11|16|06

Plaintiff, by her attorneys, LEVINE & GROSSMAN, complaining of the defendant herein, respectfully sets forth and alleges as follows:

FIRST:   That at all times herein mentioned, plaintiff was, and continues to be a resident of the County of Bronx, State of New York.

SECOND:   That at all times herein mentioned, the defendant, PATHMARK STORES, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York, having a place of business located in the State of New York.

THIRD:   Upon information and belief, that at all the times herein mentioned, the defendant, PATHMARK STORES, INC., was, and still is a foreign corporation duly licensed to do business within the State of New York.

FOURTH:   Upon information and belief, that at all the times herein mentioned, the defendant, PATHMARK STORES, INC., was a sole proprietorship

duly licensed to do business in the State of New York.

FIFTH: Upon information and belief and at all the times hereinafter mentioned, the defendant, PATHMARK STORES, INC., was and still is a partnership duly licensed to do business in the State of New York.

SIXTH: That at all times herein mentioned, and upon information and belief, defendant, PATHMARK STORES, INC., was doing business as "PATHMARK."

SEVENTH: The defendant is jointly and severally liable under CPLR Article 16 and the exceptions thereto.

EIGHTH: That at all times herein mentioned and upon information and belief, defendant, PATHMARK STORES, INC., was the owner of certain premises located at 961 East 174th Street, Bronx, New York.

NINTH: That at all times herein mentioned and upon information and belief, defendant, PATHMARK STORES, INC., was the owner of certain premises located at 961 East 174th Street, Bronx, New York, and commonly known as "PATHMARK".

TENTH: That at all times herein mentioned and upon information and belief, defendant PATHMARK STORES, INC., was the lessor of certain premises located at 961 East 174th Street, Bronx, New York.

ELEVENTH:  That at all times herein mentioned and up on information and belief, defendant PATHMARK STORES, INC., was the lessee of c ertain premises located at 961 East 174th Street, Bronx, New York.

TWELFTH:  That at all times herein mentioned and up on information and belief, defendant PATHMARK STORES, INC.,  operated, maintained, managed and controlled the  premises located at 961 East 174th Street, Bronx, New York.

THIRTEENTH:  That at all times herein mentioned and upon information and belief, the defendant, PATHMARK STORES, INC., had a duty to properly operate, manage, maintain and control the said premises so that they would be safe for patrons and/or invites lawfully upon said premises.

FOURTEENTH:  That on the 16th day of July, 2006, while the plaintiff was lawfully upon the aforesaid premises as a patron, guest and/or invitee of the defendant herein,  she was caused to slip and be violently propelled to the ground, due to the negligence of the defendant.

FIFTEENTH: The defendants, their agents, servants and/or employees were careless, reckless and negligent in their respective ownership, lease, operation, maintenance, management and control of the subject premises; in causing and allowing said premises to be, become and remain in a slippery, dangerous, hazardous and unsafe condition; in creating a danger, nuisance, trap and hazard upon the aforesaid premises; in allowing a slipping hazard to exist in a common area; in

causing and creating a nuisance and hazard in an area of public assembly; in failing to take any measures to render the conditions located therein safe; in failing to properly warn persons lawfully upon the premises, including the plaintiff herein, of the existence of the dangerous condition; in failing to erect barricades or otherwise to protect persons lawfully upon the premises; in failing to keep the aforesaid premises in a safe and reasonable condition; in failing to correct, remedy and remove said dangerous condition; in failing to take the necessary precautions to prevent people lawfully upon said premises to be injured by reason of the maintenance of the aforesaid dangerous condition; in that the defendant herein knew of the aforesaid condition or, with the exercise of reasonable care, should have known of the aforesaid condition; in failing to prevent the occurrence of the accident herein.

SIXTEENTH: That this action falls within one or more of the exceptions set forth in CPLR 1602.

SEVENTEENTH: That as a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled; suffered a severe shock to her nervous system; sustained injuries to her head, limbs and body and certain internal injuries; has been caused to suffer severe physical pain and mental anguish as a result thereof; was caused to remain away from her usual duties; and both was and will be required to undergo hospitalization and medical care and treatment.

EIGHTEENTH:   That by reason of the foregoing, the plaintiff, ILEEN LABOY, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

WHEREFORE, the plaintiff, ILEEN LABOY, demands judgment against the defendant herein, in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction herein, together with the costs and disbursements of this action.

Dated:   Mineola NY
         October 18, 2006

                              Yours, etc.,

                              LEVINE & GROSSMAN

                              By: _____
                              FRANK TORRES
                              Attorneys for Plaintiff
                              114 Old Country Road
                              Mineola NY 11501
                              (516( 248-7575

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK  )
                                 )ss.:
COUNTY OF NASSAU  )

        I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

        I am the attorney of record, or of counsel with the attorney of record for the plaintiff(s). I have read the annexed VERIFIED COMPLAINT and know the contents thereof and the same is true to my own knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: Investigation, materials in file, conversations with plaintiff.

        The reason I make this affirmation instead of plaintiff is that one of the plaintiffs resides outside of the County in which I maintain my office.

_____
Frank Torres

I affirm that the foregoing
statements are true under the
penalties of perjury.

Dated: Mineola, New York
       October 18, 2006

*Index No.*                    *Year* 2006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

ILEEN LABOY,

                                        Plaintiff(s),

                - against -

PATHMARK STORES, INC.,

                                        Defendant(s).

---

## SUMMONS AND VERIFIED COMPLAINT

### LEVINE & GROSSMAN
*Attorney(s) for Plaintiff(s)*
190 Willis Avenue
Mineola  NY 11501
(516) 747-2956

*To:*

*Attorney(s) for*

*Service of a copy of the within* _____ *is hereby admitted.*

*Dated:*

                                        *Attorney(s) for*

PLEASE TAKE NOTICE

[ ]    *that the within is a (certified) copy of a*
NOTICE OF    *entered in the office of the clerk of the within named Court on*        20
ENTRY

[ ]    *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF    *Hon.*           *, one of the judges of the within named Court, at*
SETTLEMENT        *on*         20  *, at*    *M.*

*Dated:*                                        **LEVINE & GROSSMAN**
                                        *Attorney(s) for Plaintiff(s)*
                                        190 Willis Avenue
                                        Mineola  NY 11501
                                        (516) 747-2956

*To:*

*Attorney(s) for*           RISK MANAGEMENT

                    DEC 1 2 2006

                    RECEIVED